# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KALVIN YOUMAN,**

    **Plaintiff,**

**vs.**                                       **Case No. 4:10cv248-SPM/WCS**

**MAJOR M. WOOD, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and with *in forma pauperis* status, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 9. Plaintiff has not used the complaint form provided to him by the Clerk of Court, but he has generally used the proper form in submitting the amended complaint. Doc. 9.

Plaintiff is an inmate at the Leon County Jail, and it appears that Plaintiff is being held as a pre-trial detainee rather than currently serving a sentence at the Jail. *See* Doc. 9, p. 9. He brings Eighth Amendment claims against several officers at the jail for excessive force, and claims against medical personnel for failure to provide him with proper medical care. "The Eighth Amendment, made applicable to the states through

the Fourteenth Amendment, prohibits cruel and unusual punishment of convicted prisoners, including indifference to prisoners' medical needs." Ludlam v. Coffee County, 993 F. Supp. 1421, 1424 (M.D. Ala. 1998), *citing* Mandel v. Doe, 888 F.2d 783, 787 (11th Cir. 1989)(quoting Estelle, 429 U.S. at 106). For a claim that a pretrial detainee was given inadequate medical treatment or unlawful physical force was used against him, the analysis must proceed instead under the Fourteenth Amendment's Due Process Clause which provides similar protection. *See* Graham v. Connor, 490 U.S. 386, 396 n. 10, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). The minimum standard under the Due Process Clause is the same as the Eighth Amendment's standard for convicted prisoners. Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985); Ludlam, 993 F. Supp. at 1424. Accordingly, Plaintiff's Eighth Amendment claims will be liberally construed as Fourteenth Amendment claims.

**Allegations of the amended complaint**

Plaintiff alleges that on April 20, 2009, he was told by several officers to pack his belongs because he was to be moved. Doc. 9, p. 4. He got into an argument with the officers and "showed resistance" and the officers forcefully moved Plaintiff. *Id.* Plaintiff admits that he continued to physically resist the efforts of the officers to remove him from his cell, and the officers used a taser on him. *Id.*, p. 5. Plaintiff alleges he fell to the floor, and one Defendant began kicking Plaintiff in the upper part of his body, including the shoulder and face, and then put his knee into Plaintiff's face, causing pain. *Id.* Plaintiff asserts that he suffered abrasions, cuts, and bruises to his back, upper right

shoulder, right hip, and right wrist. *Id.*, p. 6. Plaintiff alleges that this was excessive force in violation of due process. *Id.*

Plaintiff alleges that the officers then put hand restraints behind Plaintiff's back. *Id.* p. 6. Plaintiff was escorted to the medical clinic and then placed into the "pro restraint chair," which apparently is on wheels. *Id.* and p. 7. Plaintiff alleges that the Defendant Nurse failed to clean and dress the wounds to prevent infection. *Id.*, p. 6. He does not allege that he suffered any infection. He alleges he was given an EKG to evaluate his chest pains. *Id.*, p. 7.

While Plaintiff was in the EKG room, Plaintiff alleges that he had another "verbal exchange" with Defendant Tim, who told Plaintiff: "I tried to kick your f—g face in." *Id.* Plaintiff was placed in the restraint chair and placed in a medical direct observation cell. *Id.* Because Plaintiff's left wrist restraint was loose, two officers tightened the restraint. Plaintiff contends they bent his arm with excessive force, and forcefully jerked his head by pulling his hair. *Id.* Plaintiff contends that force was excessive and "extremely out of hand and uncalled for." *Id.*

Plaintiff alleges that later that day, after the shift change, two other officers released one of Plaintiff's arms from restraints so that he could eat dinner. *Id.*, at 8. Plaintiff contends he had another "verbal exchange of words" with the officers, and Sergeant Carr said: "If they would have done a good job, you'll be in the hospital." *Id.*

Plaintiff alleges that during the night, Defendant Nurse Stevens "failed to check the restraints properly to determine if the restraints were to [sic] tight or cutting of [sic] circulation . . . ." *Id.*, at 8. He does not allege that they were too tight.

Plaintiff has alleged claims for both "officer brutality" as a means for gaining control of Plaintiff and failing to provide "proper medical treatment and assistance." *Id.*, at 9. Plaintiff seeks monetary damages, to be "released on pre-trial or be moved to another facility or federal holding." *Id.*

**Analysis**

With respect to the claim of unnecessary force in the prison context where the Eighth Amendment is the foundation of protection, courts must balance a prisoner's constitutional rights "with the competing institutional concerns for the safety of prison staff and inmates." Ruble v. King, 911 F.Supp. 1544, 1554 (N.D. Ga. 1995), *quoting* Williams v. Burton, 943 F.2d 1572, 1575 (11th Cir.1991). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878, 60 L. Ed. 2d 447 (1979); Ruble, 911 F.Supp. 1544, 1554.

In the case of persons like Plaintiff, not incarcerated or already convicted of a crime, the Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment. Bell v. Wolfish, 441 U.S. at 535-539, 99 S.Ct. at 1871-1874; Fennell v. Gilstrap, 559 F.3d 1212, 1215 (11th Cir. 2009). The standard of review for this claim is summarized succinctly in Danley v. Allen 540 F.3d 1298, 1307 (11th Cir. 2008) (overruled on other grounds for use of heightened pleading requirement, *see* Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010):

> Whether a jailer's use of force is excessive, and thus violates the inmate's Fourteenth Amendment right to be free from cruel and unusual punishment, depends on whether the jailer's act "shocks the conscience," *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir.2007), and it necessarily will if the force " 'was applied ... maliciously and sadistically for the very purpose of causing harm.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986)). To evaluate whether actions shock the conscience, we consider the following factors: (1) the need for force; (2) the relationship between that need and the amount of force used; and (3) the extent of the resulting injury. *Whitley*, 475 U.S. at 321, 106 S.Ct. at 1085. In addition to those three factors we consider as fourth and fifth factors "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible official on the basis of facts known to them, and any efforts made to temper the severity of a forceful response." *Id.* When we consider whether the jailers' use of force was excessive, we must "give a wide range of deference to prison officials acting to preserve discipline and security." *Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir.1990).

Danley v. Allen, 540 F.3d at 1307.

In this case, Plaintiff admits that when officers told him to pack his property for a move, he got into an argument and then physically resisted. He continued to struggle physically with several officers in an effort to prevent them from removing him from the cell. Plaintiff's physical resistance continued until a taser was used, knocking him to the floor, and one officer kicked him and placed a kneed on his face. He alleges that at that point he was handcuffed behind his back and no further force was used.

Plaintiff has alleged a need for force and he has not alleged that the force used was unreasonably related to the need. "[P]rison guards do not have the luxury or obligation to convince every inmate that their orders are reasonable and well-thought out." Danley, 540 F.3d at 1307. When prisoners or detainees repeatedly fail to follow order, the need for force is established. Bennett, 898 F.2d at 1533. "Not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers" violates

the Fourteenth Amendment. Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989). Plaintiff admits he continued to fight with the officers in the close space of his cell. Plaintiff alleges several kicks to his upper torso and face when he was on the floor and the officers were attempting "once again to obtain control over" Plaintiff's resistence, and then a knee to the head to hold him down while he was put in restraints. Plaintiff does not allege repeated kicks or continued physical exertion thereafter to make him stop his physical resistance. The kicks and knee to subdue him, as alleged, were not excessive under the circumstances. Plaintiff had several reasonable choices. He could first comply with the order of the officers. He did not. He next could calm down and stop resisting their physical efforts to remove him from the cell. He did not. The officers are not required to stand around all day to remove a prisoner from his cell. Moreover, physical resistance by a prisoner in the close confines of a prison is an exceptionally dangerous event that must be stopped immediately. *See* Fennell v. Gilstrap, 559 F.3d 1212, 1219 (11th Cir. 2009) (finding "Gilstrap's decision to kick Fennell in the arm was not a malicious and sadistic escalation of force, even if the kick accidentally landed on Fennell's face" but a "good faith effort to maintain or restore discipline in a difficult situation" caused by Fennell's conduct). *See also* Cockrell v. Sparks, 510 F.3d 1307, 1312 (11th Cir. 2007).

Finally, Plaintiff does not allege an injury of any significance. Bruises, cuts and scrapes are minor. That is not to say that Plaintiff must have suffered "permanent marks" or serious, significant injury requiring medical treatment. *See* Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010). However, an "inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force

claim." *Id.*, citing Hudson, 503 U.S. at 9, 112 S.Ct. 995; (*quoting* Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). The minor nature of Plaintiff's injuries prove that the use of force was no greater than reasonably needed to compel Plaintiff's compliance.

In summary, Plaintiff fails to meet any of the three elements necessary to state a claim upon which relief may be granted for excessive force.

Plaintiff's claim concerning the medical care is likewise insufficient. Plaintiff must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to *serious* medical needs. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). A prisoner's medical need may be found to be serious if the failure to treat the condition could result in significant further injury or an unnecessary infliction of pain. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). Plaintiff had an EKG for his complaints of chest pain. There is no showing that he had a serious medical need related to chest pains. While some cleaning and use of antiseptic for cuts and abrasions would have been preferable (assuming as the court must that the allegations are true), Plaintiff could clean the cuts and abrasions himself when returned to his cell. Plaintiff has not alleged any serious infections or injury occurring for lack of antiseptic and cleaning.

Further opportunity to amend is not warranted. Plaintiff was given an opportunity to amend. Doc. 8.

Accordingly, it is **RECOMMENDED** that Plaintiff's amended complaint, doc. 9, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 16, 2010.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**